AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means       ☐ Original       ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>924 EAST MAIN STREET, TROY, OHIO, 45373<br>(including all outbuildings, curtilage, and vehicles<br>parked on the premises) | Case No.   3:21-CR-51 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the    **Southern**    District of    **Ohio**
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A-1**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B-1**

**YOU ARE COMMANDED** to execute this warrant on or before    2-22-21    *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    **Chelsey M. Vascura**
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____

Date and time issued:   2-8-21 @ 11:19 AM   _____
                                              *Judge's signature*

City and state:   Columbus, OH   _____   **Chelsey M. Vascura, U.S. Magistrate Judge**
                                                     *Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
|  |  |  |

Inventory made in the presence of:

Inventory of the property taken and name(s) of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A-1

### DESCRIPTION OF LOCATION TO BE SEARCHED

924 EAST MAIN STREET, TROY, OHIO, 45373 ("SUBJECT PREMISES"), is a two-story, single-family residence with white siding. There is a front porch with white pillars leading to the front door. The street address numbers are affixed to the siding next to the front porch. There is a detached one-car garage with white siding and a white overhead door. The SUBJECT PREMISES is located on the north side of East Main Street between East Franklin Street and Williams Street. The SUBJECT PREMISES includes all outbuildings, curtilage, and vehicles parked on the property of the SUBJECT PREMISES.

The warrant authorizes law enforcement officers to remain at the SUBJECT PREMISES during the overnight hours if the search (to include the imaging of any Computer and Electronic Media) cannot be completed prior to 10:00 p.m.



## ATTACHMENT B-1

## LIST OF ITEMS TO BE SEIZED AND SEARCHED

Items evidencing violations of 18 U.S.C. §§ 2252(a)(2) and (b)(1) and 2252A(a)(2) and (b)(1) (receipt and distribution of child pornography), 18 U.S.C. §§ 2252(a)(4)(B) and (b)(1) and 2252A(a)(5)(B) and (b)(1) (possession of child pornography), 18 U.S.C. § 922(g) (possession of a firearm by a prohibited person), 21 U.S.C. § 844 (possession of controlled substances), and 21 U.S.C. § 844 (distribution or possession with intent to distribute controlled substances), including but not limited to the following:

### *Computers and Electronic Media*

1. The authorization includes the seizure and search of electronic data to include deleted data, remnant data and slack space. The seizure and search of computers and computer media will be conducted in accordance with the affidavit submitted in support of this warrant.

2. Computer hardware, meaning any and all computer equipment, including any electronic devices that are capable of collecting, analyzing, creating, displaying, converting, storing, concealing, or transmitting electronic, magnetic, optical, or similar computer impulses or data. Included within the definition of computer hardware is any data processing hardware (such as central processing units and self-contained laptop or notebook computers); internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical and compact disk storage devices, and other memory storage devices); peripheral input/output devices (such as keyboards, printers, scanners, plotters, video display monitors, and optical readers); related communications devices (such as modems, cables and connections, recording equipment, RAM and ROM units, acoustic couplers, automatic dialers, speed dialers, programmable telephone dialing or signaling devices, and electronic tone generating devices); any devices, mechanisms, or parts that can be used to restrict access to such hardware (such as physical keys and locks); cellular telephones and tablets; and digital cameras and recording devices.

3. Computer software, meaning any and all data, information, instructions, programs, or program codes, stored in the form of electronic, magnetic, optical, or other media, which is capable of being interpreted by a computer or its related components. Computer software may also include data, data fragments, or control characters integral to the operation of computer software, such as operating systems software, applications software, utility programs, compilers, interpreters, communications software, and other programming used or intended to be used to communicate with computer components.

4. Computer-related documentation, meaning any written, recorded, printed, or electronically stored material that explains or illustrates the configuration or use of any seized computer hardware, software, or related items.

5. Computer passwords and data security devices, meaning any devices, programs, or data -- whether themselves in the nature of hardware or software -- that can be used or are designed to be used to restrict access to, or to facilitate concealment of, any computer hardware, computer software, computer-related documentation, or electronic data records. Such items include, but are not limited to, data security hardware (such as encryption devices, chips, and circuit boards); passwords; data security software or information (such as test keys and encryption codes); and similar information that is required to access computer programs or data or to otherwise render programs or data into usable form.

6. Any computer or electronic records, documents, and materials referencing or relating to the above-described offenses. Such records, documents, or materials, as well as their drafts or modifications, may have been created or stored in various formats, including, but not limited to, any hand-made form (such as writing or marking with any implement on any surface, directly or indirectly); any photographic form (such as microfilm, microfiche, prints, slides, negative, video tapes, motion pictures, or photocopies); any mechanical form (such as photographic records, printing, or typing); any electrical, electronic, or magnetic form (such as tape recordings, cassettes, compact disks); or any information on any electronic or magnetic storage device (such as floppy diskettes, hard disks, CD-ROMs, optical disks, printer buffers, sort cards, memory calculators, electronic dialers, or electronic notebooks), as well as printouts or readouts from any magnetic storage device.

7. Any electronic information or data, stored in any form, which has been used or prepared for use either for periodic or random backup (whether deliberate, inadvertent, or automatically or manually initiated), of any computer or computer system. The form that such information might take includes, but is not limited to, floppy diskettes, fixed hard disks, removable hard disk cartridges, tapes, laser disks, CD-ROM disks, video cassettes, and other media capable of storing magnetic or optical coding.

8. Any electronic storage device capable of collecting, storing, maintaining, retrieving, concealing, transmitting, and using electronic data used to conduct computer or Internet-based communications, or which contains material or data obtained through computer or Internet-based communications, including data in the form of electronic records, documents, and materials, including those used to facilitate interstate communications, including but not limited to telephone (including mobile telephone), tablets, and Internet Service Providers. Included within this paragraph is any information stored in the form of electronic, magnetic, optical, or other coding on computer media or on media capable of being read by a computer or computer- related equipment, such as fixed disks, external

hard disks, removable hard disk cartridges, floppy disk drives and diskettes, tape drives and tapes, optical storage devices, laser disks, or other memory storage devices.

### *Computer and Internet Records and Physical Records*

9. Any records related to the possession, receipt, and distribution of child pornography.

10. Any images or videos depicting child pornography.

11. Any and all child erotica, including images and videos of children that are not sexually explicit, drawings, sketches, fantasy writings, diaries, and sexual aids.

12. Any Internet history indicative of searching for child pornography.

13. Any communications with others in which child exploitation materials and offenses are discussed and/or traded.

14. Any communications with minors.

15. Evidence of utilization of email accounts, messenger applications, social media accounts, online chat programs, and peer-to-peer file sharing programs.

16. Any information related to Internet Protocol (IP) addresses accessed by the computer and electronic media.

17. Any Wi-Fi and GPS data associated with the computer and electronic media.

18. Lists of computer and Internet accounts, including user names and passwords.

19. Any computer passwords and encryption keys.

20. Any information related to the use of aliases.

21. Any records, documents, and billing records pertaining to accounts held with telephone, electronic, and Internet service providers.

22. Any and all diaries, notebooks, notes, and other records reflecting personal contact and any other activities with minors.

23. Any children's clothing, toys, or other belongings.

24. Quantities of controlled substances.

25. Any drug paraphernalia, including but not limited to scales used to weigh the controlled substances, items used to package controlled substances (such as baggies, balloons, and

capsules), items used to consume controlled substances (such as pipes, bongs, needles, mirrors, razor blades, straws, spoons, hypodermic needles, and cigarette papers), and items used to dilute or alter controlled substances (such as baking soda, hydrochloride, mannitol, mannite, dextrose, or lactose).

26. Any communications regarding the purchase or sale of controlled substances.

27. Log books, records, payment receipts, notes, and/or customer lists, ledgers, and other papers or electronic records related to the transportation, ordering, purchasing, processing, and distribution of controlled substances.

28. Papers, tickets, notices, credit card receipts, travel schedules, travel receipts, passports, and/or records or other items related to domestic and foreign travel to obtain and distribute controlled substances and drug proceeds, including but not limited to airline receipts, vehicle rental receipts, credit card receipts, travel schedules, diaries, hotel receipts, truck logs, travel agency vouchers, notes, records of long distance telephone calls, emails, and other correspondence.

29. Address and/or telephone books and papers reflecting names, email and physical addresses, and/or telephone numbers of individuals, partnerships, or corporations involved in drug trafficking.

30. Financial records, financial statements, receipts, statements of accounts and related bank records, drafts, letters of credit, money orders, cashier's checks, passbooks, bank checks, escrow documents, and other items evidencing the obtaining, secreting, transfer, and/or concealment of assets and the obtaining, secreting, transferring, concealment, and/or expenditure of money.

31. Any surveillance related equipment and any surveillance footage depicting the SUBJECT PREMISES and/or William Sidney Hitchings V.

32. United States currency, precious metals, coins bullion, jewelry, and financial instruments.

33. Photographs and video recordings of controlled substances and drug paraphernalia.

34. Any firearms and ammunition of which WILLIAM SIDNEY HITCHINGS V may reasonably have access to at the SUBJECT PREMISES.

35. Documents and communications related to the purchase and acquisition of firearms and ammunition;

36. Gun boxes, gun holsters, magazines, and other firearm accessories

37. Any records, documents, and billing records pertaining to accounts held with telephone, electronic, and Internet service providers.

38. Any business records related to the operation of Sweeney Communications, Clear Voice One, East Main Technologies, or any other businesses operating at the SUBJECT PREMISES or by WILLIAM SIDNEY HITCHINGS V.

39. Records of personal and business activities relating to the operation and ownership of the computer and electronic media seized from the SUBJECT PREMISES.

40. Documents and records regarding the ownership and/or possession of the items seized from the SUBJECT PREMISES.

### *Photographs of Search*

41. During the course of the search, photographs of the SUBJECT PREMISES may also be taken to record the condition thereof and/or the location of items seized from the residence.